```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       Civil No. 17-5524(DSD/HB)
```

Stratasys, Inc.

       Plaintiff,

v.                                                          **ORDER**

Christopher W. Krampitz,
individually, and Nova
Machina LLC,

       Defendants.

    Gregory L. Peters, Esq. and Seaton, Peters & Revnew, PA, 7300 Metro Blvd., Suite 500, Minneapolis, MN 55439, counsel for plaintiff.

    Zane A. Umsted, Esq., J. Ashwin Madia, Esq. and Madia Law LLC, 333 Washington Avenue North, #345, Minneapolis, MN 55401, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Christopher Krampitz and Nova Machina LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part.

### BACKGROUND

This trade secret and contract dispute arises from the parties' employment relationship. Plaintiff Stratasys, Inc. provides consulting services relating to 3D printing. Am. Compl. ¶ 2. On July 26, 2016, after weeks of discussions between the parties, Krampitz applied for the principal consultant position with Stratasys. Id. ¶¶ 15-17. Stratasys immediately offered

Krampitz the position, but Krampitz declined.  Id. ¶¶ 19, 21. After additional discussions, Stratasys again offered Krampitz the position, and he accepted.[1]  Id. ¶¶ 24-25, 27.  Krampitz agreed to a Restrictive Employment Agreement (Agreement), among other agreements.  Id. ¶ 27.  In relevant part, the Agreement identifies Stratasys's confidential information and prohibits Krampitz from communicating, divulging, or disclosing that information to any person or organization absent authorization from Stratasys. Id. ¶¶ 30-31.  He is also prohibited from using the information except as permitted by Stratasys.  Id. ¶ 31.  The Agreement requires Krampitz to return all confidential information to Stratasys on his termination.  Id.  The Agreement further prohibits Krampitz from competing with Stratasys during his employment and for one year following his termination.  Id. ¶ 33.  Stratasys's employee handbook also addresses its "[c]onfidential, trade secret, or proprietary information" and prohibits employees from disclosing that information to third parties without the company's consent. Id. ¶ 35.

Stratasys alleges that during the parties' negotiations, Stratasys formed a competing business, Nova Machina, and that while employed with Stratasys, he used the company's confidential

---

[1] As principal consultant, Krampitz was responsible for the "successful sales and delivery of strategic additive consulting projects in North America."  Id. ¶ 18.  He worked closely with customers and potential customers on behalf of Stratasys.  Id.

information and resources for the benefit of Nova Machina.  Id. ¶¶ 20, 22, 43-44.[2]  Krampitz resigned from Stratasys on October 23, 2017, effective November 3.  Id. ¶ 137.  Stratasys alleges that he continued to use and disclose its confidential information and trade secrets for Nova Machina's benefit during that period.  Id. ¶¶ 138-47.  He sent confidential information to his Nova Machina email account and downloaded files to a portable USB, and continued to do so after he left Stratasys.  Id. ¶¶ 150, 153, 154, 161-63, 165, 172-73.  Stratasys thereafter suspended Krampitz's access to its electronic files and information.  Id. ¶ 174.  Stratasys then became aware of Krampitz's questionable activities and his connection to Nova Machina, and discovered that Nova Machina was closely modeled after Stratasys.  Id. ¶¶ 175-76.  In other words, Krampitz used Stratasys's confidential information and trade secrets to build his own competing business.

On November 10, 2017, Stratasys sent a cease and desist letter to Krampitz detailing his misappropriation of its confidential information and demanding that he return all such information, refrain from using the information and contacting its customers, and cease violating the non-compete agreement.  Id. ¶¶ 179-80.  Krampitz refused to do so, and this suit followed.

On February 19, 2018, Stratasys filed a voluminous amended

---

[2]  Stratasys sets forth many examples of Krampitz's alleged misuse of its confidential data.  See id. ¶¶ 44-135.  The court will not repeat them here.

complaint raising the following nine claims against Krampitz and Nova Machina: (1) breach of contract; (2) unjust enrichment; (3) breach of duty of loyalty; (4) violation of the Minnesota Uniform Trade Secrets Act (MUTSA); (5) conversion; (6) violation of the Defend Trade Secrets Act (DTSA); (7) unfair competition; (8) deceptive trade practices; and (9) account stated. Krampitz and Nova Machina now move to dismiss the MUTSA, DTSA, unfair competition, and account stated claims.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not

sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court considers the parties' contract.

## II. Defense of Trade Secrets Act

Because the court's subject matter jurisdiction is predicated on the DTSA claim, the court will first consider whether Stratasys has adequately pleaded the elements of that claim.

The DTSA creates a private cause of action in favor of the "owner of a trade secret that is misappropriated ... if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). Under the DTSA, a trade secret includes:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> > (A) the owner thereof has taken reasonable measures to keep such information secret; and

5

> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3).  "Misappropriation" is defined as:

> an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.

Search Partners, Inc. v. MyAlerts, Inc., No. 17-1034, 2017 WL 2838126, at *2 (D. Minn. June 30, 2017) (quoting Mission Measurement Corp. v. Blackbaud, Inc., 216 F. Supp. 3d 915, 920 (N.D. Ill. 2016)).

Here, the facts alleged are sufficient to state a claim under the DTSA.  First, Stratasys plausibly alleges that the at least some of the information identified in the amended complaint are "trade secrets" as defined by the act.  Stratasys specifically alleges that Krampitz had access to "CAD files (3D drawings), proposals, machine pricing ..., margins, material pricing, staffing and consulting rates, proprietary spreadsheets and software developed for delivering consultancy projects ..., new technologies, costings, reports, images, and photos, R&D roadmaps ..., customer lists, customer data worldwide ..., [and] future order book[,]" which it asserts are trade secrets and confidential information.  Am. Compl. ¶ 45.

Stratasys also alleges that it took precautions to maintain the secrecy of that information. For example, Stratasys required Krampitz to sign the Agreement which (1) prohibited him from disclosing the company's confidential information to any third party, (2) required him to return all confidential information to the company on his termination, and (3) prohibited him from competing with the company during his employment and for one year thereafter. Id. ¶¶ 29-33. Krampitz also received an employee handbook that reiterated the secret and proprietary nature of the information he would be exposed to and prohibited him from disclosing that information without Stratasys's authorization. Id. ¶¶ 35-36.

Stratasys further alleges that its confidential information has significant value to its competitors. Id. ¶ 223. Indeed, Krampitz allegedly used that information to create Nova Machina for purposes of directly competing with Stratasys, which supports the assertion that the information has independent economic value. As a result, Stratasys has adequately alleged the existence of trade secrets in this matter.

Stratasys has also adequately alleged "misappropriation" of trade secrets within the meaning of the act. By signing the Agreement, Krampitz had a contractual duty to abide by its terms, which prohibited him from disclosing Stratasys's confidential information, including trade secrets, except as permitted by

7

Stratasys.  Despite this duty, Krampitz is alleged to have systematically used and disclosed the information for his own purposes and in order to compete with Stratasys through Nova Machina.  These allegations are more than sufficient to state a claim of trade secret misappropriation.  See, e.g., Deluxe Fin. Servs., LLC v. Shaw, No. 16-3065, 2017 WL 3327570, at *3-4 (D. Minn. Aug. 8, 2017); Matson Logistics Servs., LLC v. Smiens, No. 12-400, 2014 WL 793708, at *8 (D. Minn. Feb. 27, 2014); TE Connectivity Networks, Inv. v. All Sys. Broadband, Inc., No. 13-1365, 2013 WL 6827348, at *3-4 (D. Minn. Dec. 26, 2013).

Because the court is satisfied that it has jurisdiction to consider this matter, it will now address the state-law claims at issue in the motion to dismiss.[3]

**III. Unfair Competition**

Defendants next move to dismiss the unfair competition claim. "Unfair competition is not a stand-alone tort with specific elements." Cenveo Corp. v. S. Graphic Sys., Inc., 784 F. Supp. 2d 1130, 1142 (D. Minn. 2011).  "[I]t describes a general category of torts which courts recognize for the protection of commercial interests." Id. (quoting Zimmerman Grp., Inc. v. Fairmont Foods of Minn., Inc., 882 F. Supp. 892, 895 (D. Minn. 1994)).  "Where a

---

[3] For the reasons already stated, the MUTSA claim, which is essentially the state-law counterpart to the DTSA, also survives this motion.  See CPI Card Grp, Inc. v. Dwyer, 17-03983, 2018 WL 985314, at *9 (D. Minn. Feb. 20, 2018).

plaintiff bases its claim of unfair competition on the same underlying factual allegations as its other independent claims, the unfair competition claim is duplicative of the independent claims and must be dismissed." Id.

Here, the unfair competition claim is based on defendants' alleged misappropriation of Stratasys's confidential information and Krampitz's breach of the Agreement, which also underpin the breach of contract, breach of duty of loyalty, DTSA, and MUTSA claims. See Am. Compl. ¶¶ 196-202, 214-15, 218-32, 238-47, 251. As a result, dismissal of this claim is warranted.

## IV. Account Stated

Defendants argue that the account stated claim should also be dismissed because Stratasys failed to submit a proper statement of account and because the amount at issue is in dispute. An account stated claim is an alternative to a breach of contract action by which a party may establish liability for a debt. See Am. Druggists Ins. v. Thompson Lumber Co., 349 N.W.2d 569, 573 (Minn. Ct. App. 1984) (citations omitted). It arises "through an acknowledgment or an acquiescence in the existing condition of liability between the parties." Bureau of Credit Control, Inc. v. Luzaich, 163 N.W.2d 317, 319 (Minn. 1968) (quotation omitted). If a party acquiesces to an account rendered and admits the accuracy of the account, the law implies a promise to pay the amount "acknowledged to be owing and due, without further proof." Id.

9

Stratasys has adequately pleaded an account stated claim by alleging that it provided Krampitz with a statement of account for an amount certain that he failed to dispute. Am. Compl. ¶¶ 266-67. At this stage of the proceeding, the court will not resolve factual disputes regarding the propriety of the request for the payment or the amount that may be owed. As a result, Stratasys may proceed with the claim.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 22] is granted in part as set forth above.

Dated: May 16, 2018

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court